

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-26-00259-CV

_____

MARIA ANABEL PERALES, Appellant

V.

ARROWBROOKE HOMEOWNERS ASSOCIATION, INC., Appellee

On Appeal from the 467th District Court
Denton County, Texas
Trial Court No. 25-11399-467

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Our appellate jurisdiction is limited to (1) final judgments that dispose of all parties and claims; and (2) interlocutory orders for which immediate appeal is statutorily authorized. *Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154–55 (Tex. 2023); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 203–06 (Tex. 2001); *see* Tex. Civ. Prac. & Rem. Code § 51.014(a); *Steward v. La Frontera S. Phase One*, No. 02-19-00266-CV, 2019 WL 4124384, at *1 (Tex. App.—Fort Worth Aug. 29, 2019, no pet.) (mem. op.). The order at issue here—an order denying a motion to vacate a prior foreclosure order, *see* Tex. R. Civ. P. 736.11(c)—is neither a final judgment nor an appealable interlocutory order.

The trial court issued the prior foreclosure order under Rule of Civil Procedure 736, authorizing Appellee Arrowbrooke Homeowners Association, Inc. to foreclose on property partially owned by Appellant Maria Anabel Perales. *See* Tex. R. Civ. P. 736.7. But before the foreclosure sale occurred, Perales filed a separate lawsuit challenging the foreclosure's basis.[1] *See* Tex. R. Civ. P. 736.11(a). Yet, when Perales

---

[1] In correspondence filed with this court, Perales stated that she filed her separate lawsuit "before the foreclosure sale was scheduled to occur." But she did not indicate the date of the scheduled foreclosure sale. *See* Tex. R. Civ. P. 736.11(a) ("A proceeding or order under this [R]ule is automatically stayed if a respondent files a separate, original proceeding . . . prior to 5:00 p.m. on the Monday before the scheduled foreclosure sale."). Assuming Perales's separate lawsuit was timely filed, though, the trial court's foreclosure order was "automatically stayed," and while "the automatic stay . . . is in effect, any foreclosure sale of the property is void." Tex. R. Civ. P. 736.11(a), (d).

moved to vacate the foreclosure order, the trial court denied her motion. *See* Tex. R. Civ. P. 736.11(c) (stating that, when the respondent timely files a separate lawsuit followed by a motion to vacate and proposed order, "the court must vacate the Rule 736 order"). Perales now attempts to appeal from that denial.

But the trial court disposed of all parties and claims when it issued its foreclosure order, and that order was "not subject to . . . appeal." Tex. R. Civ. P. 736.8(c) (stating further that "[a]ny challenge to a Rule 736 order must be made in a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction"); *see Steward*, 2019 WL 4124384, at *1 (dismissing attempted appeal from Rule 736 order). Nor is the trial court's post-judgment denial of Perales's motion to vacate subject to appeal—it is neither a final judgment nor an appealable interlocutory order. *See In re Priester*, No. 05-16-00965-CV, 2016 WL 7010583, at *2 (Tex. App.—Dallas Nov. 21, 2016, orig. proceeding) (mem. op. on reh'g) (recognizing that relators lacked adequate appellate remedy in mandamus proceeding challenging trial court's denial of motion to vacate prior Rule 736 foreclosure order); *In re Dominguez*, 416 S.W.3d 700, 706–08 (Tex. App.—El Paso 2013, orig. proceeding) (recognizing that relator lacked an adequate appellate remedy in a mandamus proceeding involving the trial court's failure to dismiss a Rule 736 proceeding and its consolidation of the Rule 736 foreclosure with relator's separate lawsuit). If, as Perales contends, she timely fulfilled all of the requirements to trigger the trial court's "mandatory duty" to vacate its prior foreclosure order, she may seek mandamus—not appellate—relief. *See*

*Priester*, 2016 WL 7010583, at *4 (conditionally granting writ of mandamus based on trial court's failure to fulfill its "mandatory duty" to grant motion to vacate Rule 736 foreclosure order); *Dominguez*, 416 S.W.3d at 708 (conditionally granting writ of mandamus based in part on trial court's failure to dismiss Rule 736 proceeding).

Either way, because the challenged order denying Perales's motion to vacate is neither a final judgment nor an appealable interlocutory order, we lack jurisdiction over this attempted appeal, so we dismiss it.[2] *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: July 2, 2026

---

[2]We notified Perales of this issue and warned that we could dismiss her appeal unless she showed grounds for continuing it. *See* Tex. R. App. P. 42.3(a). Perales's response helpfully explained the background of this case and the reasons why she thought she could appeal the trial court's denial of her motion to vacate, but she did not provide any other legal basis for this court to exercise jurisdiction.